UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KING TUTANKAMEN aka MIACHAEL MAXWELL HILL,<br><br>Plaintiff,<br><br>v.<br><br>MARKUS HARVEY<br><br>Defendants. | Case Nos. 2:22-cv-01440; 22-cv-1452; 22-cv-1454; 22-cv-1455; 22-cv-1460; 22-cv-1461; 22-cv-1476; 22-cv-1477; 22-cv-1478; 22-cv-1482; 22-cv-1483; 22-cv-1484; 22-cv-1486; 22-cv-1487; 22-cv-1488; 22-cv-1489; 22-cv-1490; 22-cv-1491; 22-cv-1492; 22-cv-1494; 22-cv-1495; 22-cv-1496; 22-cv-1498; 22-cv-1499; 22-cv-1500; 22-cv-1501; 22-cv-1502; 22-cv-1503; 22-cv-1508; 22-cv-1510; 22-cv-1511; 22-cv-1512; 22-cv-1513; 22-cv-1519; 22-cv-1520; 22-cv-1521; 22-cv-1522; 22-cv-1524; 22-cv-1525; 22-cv-1526; 22-cv-1527; 22-cv-1530; 22-cv-1546; 22-cv-1547; 22-cv-1556; 22-cv-1557; 22-cv-1569; 22-cv-1570; 22-cv-1571; 22-cv-1572; 22-cv-1573; 22-cv-1574; 22-cv-1575; 22-cv-1576; 22-cv-1577; 22-cv-1578; 22-cv-1579; 22-cv-1580; 22-cv-1581; and 22-cv-1582<br><br>**ORDER** |

Before the Court for consideration is the Report and Recommendation of the Honorable Elayna Youchah, United States Magistrate Judge, September 20, 2022. ECF No. 3.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

Here, Plaintiff did not oppose the Magistrate Judge's Report and Recommendation. Magistrate Judge Youchah recommended that the Court (1) dismiss all 60 pending matters in the case caption, with prejudice; (2) that Plaintiff be ordered to show cause in writing no later than October 21, 2022 why he should not be declared a vexatious litigant; (3) that failure to do so would result in the Court declaring Plaintiff a vexatious litigant, who would require leave of Court to file any further documents in the U.S. District Court for the District of Nevada.

On September 28, 2022, Plaintiff filed a letter to the docket. It describes intergalactic travelers to earth, including Donald Trump and King Michael Vegeta Tutankhamen. It does not object to the Report and Recommendation.

On October 14, 2022, Plaintiff filed another letter to the docket. It was titled: "Examine for corrections for Prosecutor Dr. Kimberly Woods to be transcribed for the correct verbiage, after verification by using the recall software in which is connected to King Michael Vegeta Tutankhaman. It does not object to the Report and Recommendation.

This Court is empowered pursuant to the All Writs Act to issue an order declaring a party a vexatious litigant and requiring them to obtain leave of court before commencing any new action in this District. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). A vexatious litigant is one who files numerous, harassing, duplicative lawsuits, and may raise in such lawsuits frivolous or unintelligible claims. De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). While the Ninth Circuit cautions that such a pre-filing order should be used only sparingly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Id. (citing Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523–26 (9th Cir. 1984)).  The Ninth Circuit requires this Court to consider four main factors before declaring a party vexatious: First, the litigant must be given notice and a chance to be heard before any pre-filing order is entered. Id. at 1147. Second, this Court must assemble "an adequate record for review." Id. at 1148. Third, the Court must make factual findings about the nature of a party's complaints and filings in the various cases they have filed. Id. Fourth, if this Court issues a vexatious litigant order, it must be "narrowly tailored to closely fit the specific vice encountered."

Id.

At this juncture, Plaintiff is on notice that he might be declared a vexatious litigant. Judge Youchah's Report and Recommendation outlined the many ways the sheer volume of his filings—and their unintelligible requests for relief—have burdened this Court and more importantly, express ideas that do not relate to claims for relief that this Court could grant. The Court construes Plaintiff's failure within 45 days of the Report and Recommendation to object or respond to it in any way, as failure to contest that he be declared a vexatious litigant. Indeed, in that time, Plaintiff has instead *commenced* an additional 23 matters; like the 60 cases addressed in the Report, these filings read like fantasy stories. They do not contain claims for relief. Plaintiff, who appears *pro se*, either does not understand or appears to be unaware of directives from the Court; he nevertheless is aware of how to commence cases and post filings on the various dockets for the over 90 matters pending before the Court currently. The exceptional number of filings across the last three months, coupled with their nonsensical nature, force the Court to declare Plaintiff a vexatious litigant. Plaintiff is likely to continue to abuse the judicial process absent this form of intervention, given the pattern of filing numerous, frivolous documents that require the Court to expend many judicial resources to the detriment of other litigants. Sanctions and mere dismissal of his current lawsuits will not deter Plaintiff from filling additional harassing and frivolous suits. As recently as September 2, 2022, this Court dismissed a case filed by Plaintiff: King Tutankamen v. Harvey, 22-cv-1219-RFB-EJY. Since then, Plaintiff has only renewed his efforts to file cases before this Court, presenting the same unintelligible contents.

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge is adopted as to the dismissal of the 60 matters referenced in the case caption, to which the Report responded.

. . .

. . .

. . .

. . .

. . .

3

IT IS FURTHER ORDERED that Plaintiff is deemed a vexatious litigant under 28 U.S.C. § 1651(a), and is ENJOINED and PROHIBITED from filing any new complaint, petition, or other action in this court without first obtaining leave from the Chief Judge of this court. The Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or other new action in violation of this order.

**DATED:** November 30, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**